**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1428**

ALLAN ASKAR; GALINA ZAGREBEINAYA,

        Plaintiffs - Appellant,

     v.

E*TRADE BANK; M. RICHARD EPPS, P.C.,

        Defendants - Appellees,

    and

JOHN DOE, purchaser,

        Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:17-cv-00137-LO-TCB)

Submitted: September 29, 2017           Decided: November 9, 2017

Before GREGORY, Chief Judge, and MOTZ and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher E. Brown, THE BROWN FIRM, PLLC, Alexandria, Virginia, for Appellant. Jon S. Hubbard, Sarah Warren Smith, TROUTMAN SANDERS LLP, Richmond,

Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants Allan Askar and Galina Zagrebeinaya commenced this action seeking a judgment declaring the rights of E*Trade Bank ("E*Trade") to foreclose on their property. The district court granted E*Trade's motion to dismiss, and Plaintiffs timely appealed. Finding no error, we affirm.

We review an order granting a Fed. R. Civ. P. 12(b)(6) motion de novo. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). In reviewing the dismissal, "[w]e may consider additional documents attached to the complaint or the motion to dismiss so long as they are integral to the complaint and authentic." *Id.* at 212 (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Bare legal conclusions are not entitled to the assumption of truth and are insufficient to state a claim." *King*, 825 F.3d at 214 (internal quotation marks omitted).

In 2006, Askar and Zagrebeinaya borrowed $552,000 from a lender, secured by a deed of trust on their residence. The note was subsequently obtained by E*Trade. After the borrowers defaulted on the loan, E*Trade, through its substitute trustee, M. Richard Epps,[*] commenced foreclosure proceedings. Because E*Trade was not the original

---

[*] Askar and Zagrebeinaya also brought claims against Epps, but voluntarily dismissed them after Epps moved to dismiss.

lender and had not produced the note, Askar and Zagrebeinaya brought this action in an effort to require E\*Trade to prove its authority to foreclose on the property.

As we have previously noted, "Virginia is a non-judicial foreclosure state." *Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 623 n.3 (4th Cir. 2011). Thus, "in the event of default on a deed of trust, the trustee . . . may take possession of the property and proceed to sell the same at auction without any need to first seek a court decree." *Id.* (internal quotation marks omitted) (quoting Va. Code Ann. § 55-59(7) (2007)).

Here, Appellants' contention that E\*Trade must establish its entitlement to foreclose contravenes Virginia's nonjudicial foreclosure policy. In any event, E\*Trade actually produced a copy of the note, endorsed in blank, and Epps provided a sworn affidavit affirming that he had possession of the original note. "[P]ossession of a negotiable instrument endorsed in blank permits the holder to enforce it," *Horvath*, 641 F.3d at 621, and Appellants have offered nothing other than conclusory assertions that this evidence of E\*Trade's authority to enforce the note is inadequate.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4